**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| ANTHONY WILLIAMS and BLAIR ALLEY, | ) ) ) |
| Plaintiffs, | ) Case No. _____ ) |
| v. | ) ) |
| MACH SPEED TECHNOLOGIES, LLC; INSPIRE TECHNOLOGIES, LLC; JLAB AUDIO, LLC; PEAG, LLC, | ) **JURY TRIAL** ) **DEMANDED** ) ) ) |
| Defendants. | ) ) ) |

**COMPLAINT**

Plaintiffs Anthony Williams and Blair Alley state for their Complaint

against the above-named defendants, as follows:

**Nature of Action**

1.     This action arises from Defendants' widespread and unauthorized

copying and distribution of Plaintiff Williams' copyrighted work and

misappropriation of Plaintiff Alley's image through a variety of online websites

and brick-and-mortar businesses.  Defendants have also facilitated, enabled,

encouraged, and induced a variety of online and brick-and-mortar businesses to

copy and distribute Plaintiffs' copyrighted work and image. The unauthorized distribution, copying. And misappropriation is flagrant and ongoing and continued unabated after notice to Defendants.

## Parties, Jurisdiction, and Venue

2. Plaintiff Anthony Williams is a resident of Fulton County, Georgia, and a citizen of the United States.

3. Plaintiff Blair Alley is a resident of San Diego, California and a citizen of the United States.

4. Defendants are manufacturers of MP3 players, accessories, and other electronic devices in which Plaintiffs' copyright and likeness were misappropriated and illegally distributed through national retail chains (collectively, the "Manufacturer Defendants").

5. Defendant Mach Speed Technologies, LLC ("Mach Speed"), is a Delaware limited liability company with its principal place of business in Ada, Oklahoma. Defendant Mach Speed may be served with process through its registered agent, National Corporate Research, Ltd., at 1833 S. Morgan Road, Oklahoma City, Oklahoma, 73128.

6. Upon information and belief, Inspire Technology, LLC, was acquired by Mach Speed and serves as a successor company or, in the alternative, Mach

Speed does business as Inspire Technology, LLC. Inspire Technology is a Nevada limited liability company with its headquarters in Incline Village, Nevada, and its principal place of business in Ada, Oklahoma, where it is doing business as Inspire Technology Group.  According to the Nevada Secretary of State, Inspire Technology may be served through its registered agent, Troy Defrees-Parrott at 908 Tyner Way, Incline Village, Nevada 89451.

7.      Upon information and belief, JLAB LLC is a successor company to JLAB Audio, Inc., which was acquired by Mach Speed and is now in bankruptcy proceedings. PEAG LLC acquired JLAB LLC, a Delaware limited liability company with its principal place of business in Oceanside, California, in 2015, and continues to do business manufacturing and distributing MP3 players and accessories for Mach Speed. The agent for service of process for JLAB LCC resigned on September 26, 2016. PEAG (dba JLAB or JLAB Audio) is a Delaware Limited Liability Company and may be served with process through its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

8.      On information and belief, the Manufacturer Defendants are subsidiaries of the leading opening price point manufacturer of digital media players in the United States, including MP3 players and tablets, Mach Speed

Holding Co LLC (dba Apollo). The Manufacturer Defendants transact substantial business in Georgia and throughout the United States and have committed tortious acts and injuries in Georgia.

9.     The Court has subject matter jurisdiction over Plaintiffs' claims for copyright infringement pursuant to 17 U.S.C. § 101, *et seq.*, 15 U.S.C. § 1125(a), 28 U.S.C. § 1331, and 28 U.S.C. § 1338 (a).

10.     The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

11.     Pursuant to Georgia's long-arm statute, O.C.G.A. § 9-10-91, Defendants are subject to the jurisdiction of this Court.

12.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) and 28 U.S.C. § 1400(b).

13.     All conditions precedent to the maintenance of this action have been met, waived, or excused.

## Facts

14.     Skateboarding is a multi-billion-dollar industry and a rapidly growing action sport with millions of fans and participants in the United States around the world.  Born in California in the late 1940s, skateboarding has generated profitable businesses surrounding the sport, including companies that specialize in making

skateboards and skateboard clothing and gear, marketing, sponsorships and endorsements, televised events and tournaments such as the X Games, designers, photographers and videographers, films, and social media specialists among many others businesses and professions.

15.    Plaintiff Mr. Williams is a professional skateboarder.  His current sponsors include SDK Bearings, Diamond Supply Co., Gold Wheels, Silver Trucks, Paradox Grip, and Ashbury, all among the top brands in the industry. Former sponsors include Organika Skateboards & Apparel, Praxis Footwear, Axion Shoes, and Alphanumeric Skateboarding Clothing.  Mr. Williams also has a professional relationship with Mystery Skateboards and The Kayo Corp.'s *Gold Wheels* and *Gold Goons* series.

16.    Mr. Williams has appeared numerous times in top skateboarding publications.  He has appeared five times in *TransWorld SKATEboarding*, the leading action sports magazine devoted to skateboarding, available in print and online across the United States and elsewhere with a total monthly audience of over 2 million.

17.    Mr. Williams has also appeared in numerous advertisements for skateboarding apparel and equipment in top industry publications, including *TransWorld SKATEboarding*, *Thrasher Magazine*, and *The Skateboard Magazine*.

18.    Mr. Williams also has numerous professional skateboarding videos, including *It's a Crazy World*, *Detention in Da Playground*, *Honor Roll in Da Playground*, and *Minority Report*.  Mr. Williams' videos, which include interviews and appearances in advertisements, are featured online at sites like TransWorld SKATEboarding's YouTube channel, which has over 145,000 subscribers and over 20 million views, as well as Grind TV, a leading action sports network associated with *Yahoo! Sports*, and numerous other skateboarding sites.

19.    Mr. Williams appeared in the "Who's Hot" feature for *Skateboarder Magazine* in November of 2009.

20.    The December 2007 story on Mr. Williams in *TransWorld SKATEboarding* included a photograph of him performing a "360 flip" trick while skateboarding in Chicago, Illinois, in June of 2007 ("Subject Photograph").  The photo was taken by a professional photographer, Blair Alley, and was used to introduce Mr. Williams to the professional skateboarding world.

21.    Plaintiff Blair Alley, a citizen of the United States, is a professional photographer specializing in skateboarding and lifestyle photography.  Mr. Alley's skateboarding photographs appear in leading skateboarding magazines, including cover photos for the leading industry magazine *TransWorld SKATEboarding*, which, in 2014, had a total monthly audience of over 2 million.

6

22.     Mr. Alley invests significant resources into his profession and relies on copyright protection for his livelihood.  The revenue Mr. Alley receives from his professional skating photography is the lifeblood of his business.

23.     Mr. Alley is the owner of the copyright of the following original work, a photograph of Mr. Anthony Williams ("Subject Photograph), a professional skateboarder from Atlanta:



24.     Mr. Alley created the Subject Photograph on June 14, 2007, while Mr. Williams was skateboarding in Chicago, Illinois.  At the time that the Subject Photograph was created, Mr. Williams was performing a skateboarding trick known as a "360 flip."

25.     Mr. Alley subsequently published the Subject Photograph in the December 2007 print and online issues of *TransWorld SKATEboarding* with a brief story on Mr. Williams.  The photograph byline accurately credited the work to "BLAIR."

26.     A true and accurate copy of the cover of the December 2007 issue of *TransWorld SKATEboarding* and the page on which the Subject Photograph appears are attached hereto as **Exhibit A**.

27.     The Subject Photograph is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights, No. VA 1-959-025 to Plaintiff Blair Alley.  A copy of the Registration is attached hereto as **Exhibit B**.

28.     Mr. Alley has never sold, assigned, or otherwise transferred the copyright on the Subject Photograph in any way to any person or entity.

29.     In or around February of 2015, a friend notified Mr. Williams that his image appeared on product packaging for an MP3 player being sold at a Best Buy store in Atlanta, Georgia.  Mr. Williams informed Mr. Alley about the use of the Subject Photograph.

30.     In or about February of 2015, one of Mr. Williams' friends contacted him, confused because a picture of Mr. Williams skateboarding—the Subject

Photograph—appeared on product packaging for an MP3 player being sold at a Wal-Mart store in Tennessee.

31.   Plaintiffs subsequently discovered that the Subject Photograph appeared, and continues to appear, on product packaging and marketing material for at least the following five devices manufactured, marketed, and sold by Defendant Apollo:

1.   Eclipse Supra Fit 8GB MP3 player with Bluetooth;
2.   Eclipse 180 Pro 4GB MP3 player;
3.   Eclipse V180 Series 8GB MP3 player;
4.   Eclipse MTE180G2 Series 4GB MP3 player; and
5.   Eclipse Touch Pro 4GB MP3 player ("Products").

32.   The Subject Photograph appears on the front of the boxes containing the Products, presented as it would be if the MP3 player itself were displaying the Subject Photograph.

33.   Mr. Williams' likeness and image in the Subject Photograph appears on the front of the box for the Eclipse Supra Fit 8GB MP3 player.

34.    As an example, the Subject Photograph appears on the front of the box for the Eclipse Supra Fit 8GB MP3 player as follows:



35.    The Subject Photograph also appears on the back of the box for the Eclipse Supra Fit 8GB MP3 player as follows:



36.    The Subject Photograph, along with Mr. Williams' likeness and image, also appears on the User's Manual for the Eclipse Supra Fit 8GB MP3 player as follows:



37.    True and accurate photographs of the product packaging for the Products are attached hereto as **Exhibit C**.

38.    Defendants wrongfully and recklessly claims ownership of the copyright for the Subject Photograph, asserting on the bottom of the box, "Copyright 2004-2011. All rights reserved," as reflected in **Exhibit D** hereto.

39.    The Subject Photograph by Mr. Alley, along with Williams' likeness and image also appears in numerous online images of the Products on websites where the Products are being sold to consumers, including on Defendant's own website at triotablets.com. As with the product packaging, in the online versions

11

of Products, the Subject Photograph is presented as it would be if the MP3 player itself were displaying the Subject Photograph.

40.    True and accurate copies of Defendant's (DBA Trio) own website, where Defendants are actively using the Subject Photograph to sell the Products, are attached hereto as **Exhibit E**.

41.    According to Defendant's website, the Products are sold nationwide both online and in big-box retail stores such as Sears, K-Mart, Wal-Mart, BestBuy, Big Lots!, Amazon.com, Walgreen's, Barnes & Noble, Staples, OfficeMax, Micro Center Computers & Electronics, RadioShack, 7 Eleven, Fry's Electronics, TigerDirect.com, F.Y.E., Fingerhut, J&R, Nebraska Furniture Mart, H-E-B, Hastings, D&H Distributing, Petra Industries, Conn's Home Plus, Electronic Express, Army and Air Force Exchange Service, eCost.com, Hypercel, Zulily, Alco, Rakuten Buy.com, PC Mall, Flexi Compras, COMP USA, Newegg, Pioneer, and Bi-Mart.

42.    Plaintiffs have identified numerous retailers actively selling the Products online using the Subject Photograph.

43.    Upon information and belief, K-Mart, Wal-Mart, Amazon.com, Staples, Micro Center, Sears, Yahoo! Shopping, Shopko, Alibaba.com, eBay,

Adorama, Buya.com, and eCrater ("Retailers") are actively selling the Products online using the Subject Photograph by Alley with Williams' likeness and image.

44.    True and accurate copies of the websites where the Retailers are actively selling the Products using the Subject Photograph are attached hereto as **Exhibits F-R.**

45.    Each of the Retailers is actively publishing the Subject Photograph on their websites where they are actively selling the Products.

46.    On information and belief, Defendants copied, distributed and/or transmitted the Subject Photograph to the Retailers for use in marketing and selling the Products.

47.    Defendants describe the Eclipse brand of MP3 players as "the #1 selling opening price point MP3 player."

48.    Plaintiffs do not know when or how Defendants and the Retailers obtained or began using the Subject Photograph, as may be revealed in discovery, but Defendants' use has been ongoing since at least February of 2015.  Because Mr. Alley published the Subject Photograph in the December 2007 issue of *TransWorld SKATEboarding*, which is available online, Defendants' had access to the Subject Photograph online.

49.    Defendants' use, copy, reproduce, resize, and publish the Subject Photograph with full knowledge that there is no authorization or consent from Plaintiffs.

50.    Defendants' use, copy, reproduce, resize, and publish the Subject Photograph for their own benefit or economic advantage, and Defendants have been financially enriched by its conduct.

51.    The Subject Photograph is an original work protected by copyright, and Mr. Alley owns exclusive rights under the copyright, including the rights that Defendants have infringed and continue to infringe.

52.    Mr. Williams' likeness in the Subject Photograph also appears in numerous online images of the Products on websites where the Products are being sold to consumers, including on Defendant's own "Trio" website at http://www.triotablets.com/collections//mp3-players.  As with the product packaging, in the online versions of Products, the Subject Photograph is presented as it would be if the MP3 player itself were displaying the Subject Photograph.

53.    Defendants used Mr. Williams' likeness and image in the Subject Photograph, and transmitted the image to the Retailers for use in selling the Products, with full knowledge that they do so without authorization or consent from Mr. Williams.

14

54.    Defendants used Mr. Williams' likeness in the Subject Photograph for their own benefit or economic advantage, and Defendants have been financially enriched by using the Subject Photograph.

55.    Since Plaintiff Williams is recognizable to many from the appropriation of his likeness, Defendant has appropriated Plaintiff's name in connection with their products, as well.

56.    Defendants' appropriation of Plaintiff Williams' name and likeness is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person.

57.    Defendants' appropriation of Plaintiff Williams' name and likeness represents that the goods have sponsorship, approval, characteristics, ingredients, uses, benefits, or qualitities that Defendants do not have or that a Defendant has a sponsorship, approval, status, affiliation, or connection that the products do not have.

58.    There is evidence that Defendants' appropriation of Plaintiff's name and likeness has caused actual confusion as to the origin, sponsorship, and approval of their products.

59.     On information and belief, Defendants have profited millions of dollars from the sale of the Products.

60.     There may be additional unauthorized uses of the Subject Photograph, as may be revealed in discovery.

61.     On February 24, 2015, counsel for Plaintiffs wrote to Defendant's Legal Department in Ada, Oklahoma, explaining that "it has come our attention that your company is using Mr. Alley's photograph of Mr. Williams in the advertising and marketing of Trio Brand (formerly Mach Speed Technologies, LLC) Eclipse MP3 and Video players" and instructing Defendant to "cease and desist all use of any kind of this photograph."  Cease & Desist Letter from Counsel for Plaintiffs to Defendant Mach Speed (Feb. 24, 2015), a true and accurate copy of which is attached hereto as **Exhibit S.**

62.     Defendant has not responded in any way to Plaintiffs' February 24 letter.

63.     Defendant's conduct manifests a conscious, knowing disregard for Plaintiffs' rights and manifests a willful intention to deprive Plaintiff of his rights.

64.     Defendants' wrongful, infringing conduct entitles Plaintiff to all damages and attorneys' fees and costs available under applicable law.

## Count I – Direct Copyright Infringement
### (17 U.S.C. § 106)

65.    The allegations set forth in the preceding paragraphs are incorporated by reference as if set forth fully herein.

66.    As the owner of the copyrights in the Subject Photograph, Mr. Alley has the exclusive right to reproduce the Subject Photograph, the exclusive right to prepare derivative works based on the Subject Photograph, the exclusive right to distribute copies of the Subject Photograph, and the exclusive right to display the Subject Photograph publicly.

67.    By copying, displaying, distributing, and publishing Plaintiff Alley's copyrighted work, the Subject Photograph, on a widespread and systematic basis, Defendants have infringed and continues to infringe Mr. Alley's exclusive copyrights.

68.    Defendants were not granted any licenses or otherwise authorized to use the Subject Photograph in any way.

69.    Defendants' volitional conduct and acts of infringement are not protected through any exceptions to the Copyright Act.

70.    Defendants' acts have been and continue to be willful, intentional, and purposeful, in violation of Plaintiffs' rights.

71.    As a direct and proximate result of Defendants' acts and conduct, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury for which there is no adequate remedy at law.

72.    Unless enjoined and restrained by this Court, Defendants will continue to infringe Plaintiff's rights in his copyrighted work and cause irreparable harm to Mr. Alley.

73.    Plaintiff Alley is entitled to all damages authorized by law as a result of Defendants' infringement.

### Count II – Contributory Copyright Infringement
### (17 U.S.C. § 106)

74.    The allegations set forth in the preceding paragraphs are incorporated by reference as if set forth fully herein.

75.    By facilitating, encouraging, and inducing the Retailers and other businesses that are selling the Products to copy, display, distribute, and publish the Plaintiff's copyrighted original work, the Subject Photograph, on a widespread and systematic basis via the Internet and through brick-and-mortar retail businesses, Defendants have contributed to copyright infringement of the Retailers and other businesses selling the Products.

76.    Defendants have actual and constructive knowledge that the Retailers and other business that are selling the Products are copying, displaying,

18

distributing, and publishing the Subject Photograph, and Defendants knowingly encourage and induce the Retailers and other businesses to do so.

77.    Defendants' acts have been and continue to be willful, intentional, and purposeful, in violation of Plaintiffs' rights.

78.    As a direct and proximate result of Defendants' acts and conduct, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury for which there is no adequate remedy at law.

79.    Unless enjoined and restrained by this Court, Defendants will continue to infringe Plaintiff's rights in his copyrighted work and cause irreparable harm to Mr. Alley.

80.    Plaintiff Alley is entitled to all damages authorized by law as a result of Defendants' infringement.

## Count III – Right of Publicity
### (Appropriation of Likeness)

81.    The allegations in the preceding paragraphs are incorporated by reference as if set forth fully herein.

82.    Defendants appropriated and used Plaintiff Williams' likeness in the Subject Photograph to market and/or sell the Products.

19

83.    Defendants never sought or received consent from Mr. Williams, whether express or implied, to use his likeness in marketing and/or selling the Products.

84.    Defendants breached its duties to Mr. Williams by wrongfully appropriating his likeness for their own financial gain, benefit, or economic advantage.

85.    Mr. Williams' control over the use of his identity for commercial purposes outweighs any alleged interest in publication of the Subject Photograph or Defendants' use of the Subject Photograph in the sale of the Products.

86.    Mr. Williams has incurred damages and Defendants have received benefits as a result of Defendants' appropriation and commercial exploitation of Mr. Williams' likeness.

87.    Defendants have been financially enriched by their misuse of Mr. Williams' likeness in the Subject Photograph, and Defendants are liable to Mr. Williams for its commercial exploitation of his likeness.

88.    Plaintiff Mr. Williams is entitled to appropriate relief as prayed for hereinafter.

## Count IV – Section 43(a) of the Lanham Act
### (15 U.S.C. § 1125(a))

89.     The allegations in the preceding paragraphs are incorporated by reference as if set forth fully herein.

90.     Mr. Williams has an economic interest in his identity and image, including an interest in any use of his identity and image in the Subject Photograph by companies and businesses marketing or selling products in commerce.

91.     Defendants have used and continue to use Mr. Williams' identity and image in the Subject Photograph to market and sell the Products.

92.     Mr. Williams has not authorized any use of his identity and image by Defendants.

93.     Defendants' use of Mr. Williams' identity and image in the Subject Photograph is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Mr. Williams with Defendants, or as to the origin, sponsorship, or approval of Defendants' Products by Mr. Williams.

## Count V - Deceptive Trade Practices
### (O.C.G.A. § 10-1-370, *et seq.*)]

94.     The allegations in the preceding paragraphs are incorporated by reference as if set forth fully herein.

95.     Mr. Williams has not endorsed, sponsored, approved, or certified

Defendants' Products in any way.

96. Mr. Williams is not affiliated, connected, or otherwise associated with Defendants in any way, and he does not endorse, sponsor, or approve of Defendants' Products in any way.

97. Mr. Williams has not endorsed, sponsored, approved, or certified Defendants' Products in any way.

98. Mr. Williams is not affiliated, connected, or otherwise associated with Defendant in any way, and he does not endorse, sponsor, or approve of Defendants' Products in any way.

### Count VI – Attorneys' Fees and Expenses of Litigation
### (O.C.G.A. § 13-6-11)

99. The allegations set forth in the preceding paragraphs are incorporated by reference as if set forth fully herein.

100. Defendants' actions constitute intentional, willful tortious conduct. Every intentional tort involves an element of bad faith that entitles a person to recover the expenses of litigation, including attorneys' fees. Defendants have acted in bad faith, in a stubbornly litigious manner, and have caused Mr. Alley unreasonable burden and expense.

101. Plaintiff is entitled to recover his attorneys' fees and expenses of litigation from Defendants pursuant to O.C.G.A. § 13-6-11.

## **Count VII – Punitive Damages**

102.  The allegations set forth in the preceding paragraphs are incorporated by reference as if set forth fully herein.

103.  Defendants' knowing and intentional conduct warrants punitive damages in an amount to be determined by the enlightened conscience of a jury.

104.  Defendants' actions demonstrate willful misconduct, malice, wantonness, and an entire want of care that raises the presumption of conscious indifference to the consequences of such actions.

105.  Punitive damages should be imposed against Defendants in an amount sufficient to deter Defendants from engaging in similar unlawful conduct in the future.

**WHEREFORE**, Plaintiffs pray that this Court:

(A)  Enter judgment in their favor against Defendants on Plaintiffs' complaint;

(B)  Order Defendants to account to Plaintiffs for all gains, profits, and advantages derived by Defendants from their infringement of Plaintiffs' copyright;

(C)  Award damages for Defendants' copyright infringement in the marketing and sale of the Products;

(D)    Grant preliminary and permanent injunctive relief enjoining Defendants or any individuals in their employ or control, now or in the future, without seeking authorization from Plaintiffs, from copying, distributing, or otherwise using in any way the Subject Photograph;

(E)    Award Plaintiffs their reasonable attorneys' fees and expenses of litigation;

(F)    Award punitive damages to Plaintiffs against Defendants, in an amount to be determined by the enlightened conscience of a fair and impartial jury so that Defendants may be punished for their actions and deterred from continuing to violate known rights;

(G)    Order such other and further relief as this Court deems to be just and proper; and

(H)    **TRIAL BY JURY**.

Respectfully submitted this 2nd day of May, 2017.

**PENN LAW LLC**

/s/ Darren W. Penn

_____

Darren W. Penn
Georgia Bar No. 571322
Alexandra "Sachi" Cole
Georgia Bar No. 696892

4200 Northside Parkway, NW
Building One, Suite 100
Atlanta, GA 30327
(404) 961-7655 Telephone/Fax

STEPHEN F. HUMPHREYS
Georgia Bar No. 378099

Stephen F. Humphreys PC
PO Box 192
Athens, GA 30603
(706) 207-6982

PAUL B. MAZUR
Georgia Bar No. 479865

PAUL B. MAZUR, P.C.
44 Broad Street, N.W.
Suite 600
Atlanta, Georgia 30303
(404) 525-9000 (T)
(404) 522-9933 (F)

*Attorneys for Plaintiffs*